IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| David L. Lamson,<br><br>    Plaintiff,<br><br>v.<br><br>Jay Koon; Christopher J. Burnette; Charles A. Browder, II; Jeremiah A. Spires; and Correct Care Solutions,<br><br>    Defendants. | Case No.: 9:18-cv-00812-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the Court on Defendants' Motions for Summary Judgment, ECF Nos. 73, 74. Magistrate Judge Bristow Marchant issued a Report and Recommendation ("Report") pursuant to 28 U.S.C. 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(d) on July 16, 2019, recommending that the motions be granted with respect to Plaintiff's federal claims and that the Court dismiss Plaintiff's state law claims without prejudice. ECF No. 90. The parties have fully briefed their positions on the Report, ECF Nos. 92, 96, 98, 102, and this matter is ripe for the Court's consideration. For the reasons stated herein, the Court grants Defendants' Motions for Summary Judgment and finds that Plaintiff did not allege any state law claims in the operative complaint.

**I.     Background**

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. The factual history of this case as set forth in the Report is incorporated herein by reference.[1] Relevant to the objections presently before the Court, Plaintiff states a claim of excessive force in violation of

---

[1] The Court modifies the Report's factual recitation in only one respect. At page 13, the Report states that Plaintiff received medication at the Lexington County Detention Center beginning February 28, 2017. As the parties acknowledge, *see* ECF Nos. 96 at 3, 98 at 2, this date should be May 28, 2017. *See* ECF No. 79-2 at 19.

1

the Fourth Amendment in connection with his arrest on May 27, 2017. In addition, he challenges the conditions of his confinement thereafter as a pretrial detainee in the Lexington County Detention Center. Specifically, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs.

Plaintiff's arrest occurred after a five-mile vehicular pursuit during which Plaintiff was fleeing from Defendants Burnett and Browder at speeds exceeding eighty miles per hour. During the pursuit, Plaintiff threw something out of his vehicle, which hit the officers' windshield. The vehicular pursuit ended when Plaintiff ran a stop sign and hit a telephone pole. Plaintiff then exited his vehicle and attempted to flee on foot toward a fence near a wooded area. Plaintiff refused multiple verbal orders to get on the ground, at which point Defendant Burnett states he grabbed the back of Plaintiff's head and "escorted him to the ground." Burnett avers that Plaintiff continued to resist, "refus[ing] to place his hands behind his back." Burnett grabbed Plaintiff's hands and was eventually able to handcuff him. *See* Burnett Aff., ECF No. 74-2; Browder Aff., ECF No. 74-4. Plaintiff, in his verified Amended Complaint, states that, during his arrest, he was "physically jumped on and assaulted [and] beat" by Defendants Burnett and Browder. ECF No. 36 at 3. Plaintiff alleges that "[a]fter [he] was handcuffed behind his back, both deputies picked [him] up by his arms" and carried him to Defendant Spires' vehicle.[2] After a trip to the hospital to have a piece of wood removed from his foot, Plaintiff was detained at the Lexington County Detention Center. His deliberate indifference claim relates primarily to not receiving new eyeglasses–which were broken during his arrest–for a period of time in pretrial detention, which

---

[2] Plaintiff relays a completely different version of events in his unsworn response to the law enforcement Defendants' Motion for Summary Judgment. *See* ECF No. 78 at 1-5. Unlike an affidavit or a verified complaint, the Court need not and does not consider Plaintiff's response as evidence at this stage. *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993) ("It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment.").

2

allegedly caused migraine headaches. Plaintiff asserts this claim against Correct Care Solutions, an entity which contracts to provide inmates with medical care.

Because Plaintiff failed to show the existence of any genuine issues of material fact, the Magistrate Judge recommended that Plaintiff's federal claims be dismissed. The Magistrate Judge also concluded that Plaintiff may be attempting to assert state law claims and recommended they be dismissed without prejudice. Plaintiff filed an objection, ECF No. 96, in which he (1) generally asks the Court to conduct a de novo review of the entire case; (2) points out "inconsistencies" in the record, and (3) objects to the Report's discussion of Plaintiff's injuries. *Id.* Correct Care Solutions also objected to the Report, ECF No. 92, arguing that Plaintiff did not allege any state law claims and that, if he did, the Court should dismiss them with prejudice. Defendants responded to Plaintiff's objection. ECF Nos. 98, 102. After a thorough review of the record, the Court adopts the Report as modified herein, grants Defendants' Motions for Summary Judgment, ECF Nos. 73, 74, and dismisses this action in its entirety with prejudice.

## II.     Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

3

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets that burden and a properly supported motion is before the court, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323. All inferences must be viewed in a light most favorable to the non-moving party, but the non-moving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

Having applied the foregoing standard, the Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

**III.     Discussion**

    **A.     Plaintiff's General Objections do not Merit De Novo Review.**

The Court first rejects Plaintiff's invitation to conduct a "de novo review of this whole case in its entirety." ECF No. 96. Rule 72(b)(2) of the Federal Rules of Civil Procedure requires a party, if it wishes to object, to file "*specific* written objections" to a magistrate judge's

recommendation. Fed. R. Civ. P. 72(b)(2) (emphasis added). A de novo review of a magistrate judge's recommendation is only required for those portions that have been "properly objected to." Fed. R. Civ. P. 72(b)(3). General and conclusory objections that do not direct the Court to any particular error in the magistrate's recommendation accordingly do not merit de novo review. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). To entertain such a general objection "renders the initial referral to the magistrate judge useless." *Green v. Rubenstein*, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) (citation omitted). Plaintiff's general objection, *see* ECF No. 96 at 5, is improper under the Federal Rules of Civil Procedure and therefore overruled.

    **B.**    **The "Inconsistencies" Plaintiff Identifies in his Objection do not Establish a Genuine, Material Factual Issue for Trial.**

Plaintiff next highlights "inconsistencies" in the record. Referring to portions of the Depositions of Defendants Burnett, Browder, and Spires, Plaintiff asks the Court to wonder, "if Defendants were not truthful . . . what else were they not truthful about in their reports and depositions[?]" ECF No. 96 at 2. Plaintiff specifically identifies two "inconsistencies": First, he notes a discrepancy as to whether Defendant Spires arrived before or after Plaintiff was placed in a patrol vehicle. *Id.* at 2. Second, he claims there is "no way that Defendant Spires did not see" the abrasions on Plaintiff's face as Defendant Spires testified. *Id.* at 2-3; Spires Aff., ECF No. 74-5 at ¶ 4. This objection fails.

The Court draws all reasonable inferences in Plaintiff's favor at this stage. *E.g.*, *Anderson*, 477 U.S. at 256. But doing so does not help Plaintiff where the factual disputes noted are immaterial under the law governing his excessive force claim. In addition, the objection improperly asks the Court to draw factually unjustified inferences in Plaintiff's favor.

To state a claim for use of excessive force under the Fourth Amendment, a plaintiff must show that the force applied in effectuating his seizure was objectively unreasonable. *See Henry v.*

5

*Purnell*, 652 F.3d 524, 531 (4th Cir. 2011); *Schultz v. Braga*, 455 F.3d 470, 476 (4th Cir. 2006). "In considering whether an officer used reasonable force, a court must focus on the moment that the force is employed." *Id.* (citing *Elliott v. Leavitt*, 99 F.3d 640, 643 (4th Cir. 1996)). The factual disputes Plaintiff has identified–*i.e.*, when Defendant Spires arrived on scene and whether Spires saw an abrasion on Plaintiff's face–do not bear in any way on whether Defendant Burnett and Browder acted in an objectively unreasonable manner during the course of Plaintiff's arrest.

Finally, to the extent Plaintiff asks the Court to draw other inferences, unrelated to the factual disputes identified, in his favor, *see* ECF No. 96 at 2 ("what else were they not truthful about[?]"), he asks for his action to survive summary judgment based on speculation and factually unjustifiable inference. Also, "in considering a summary judgment motion, the court may not make credibility determinations." *Courtney-Pope v. Bd. of Educ. of Carroll Cty.*, 304 F. Supp. 3d 480, 489 (D. Md. 2018) (citing *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)). Drawing all reasonable inferences in Plaintiff's favor does not mean the Court may disbelieve the veracity of a movants' evidence that establishes a lack of genuine, material factual issues for trial, where Plaintiff has failed to rebut it. The Court accordingly overrules Plaintiff's objections concerning "inconsistencies" in the record.

### C. The Report Considered and Properly Resolved Plaintiff's Present Objection Concerning the Extent of his Injuries.

Finally, Plaintiff objects to the Magistrate Judge's findings regarding the injuries Plaintiff sustained during his arrest. ECF No. 96 at 3. Plaintiff presented the argument in his objection to the Magistrate Judge, however, and the Report properly considers it.

Plaintiff specifically objects to the portion of the Report wherein the Magistrate Judge concluded the abrasions suffered as a result of being taken to the ground were not serious, and

the only significant medical treatment required as a result of the incident was necessitated by Plaintiff stepping on a piece of wood. ECF No. 90 at 18.[3] Plaintiff proceeds to cite authority for the proposition that *de minimis* injury is not itself grounds to dismiss a claim. ECF No. 96 at 4. Plaintiff presented this argument in opposition to summary judgment, however, *see* ECF No. 78 at 10, and the Report notes that a lack of injury is insufficient to grant summary judgment. ECF No. 90 at 18 n.6 (citing *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014); *Taylor v. Dormire*, 690 F.3d 898, 900 (8th Cir. 2012)).

"[W]hen an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." *Lambert v. Comm'r of Soc. Sec. Admin.*, No. 3:16-CV-2, 2017 WL 384061, at *3 (N.D.W. Va. Jan. 27, 2017) (quoting *Taylor v. Astrue*, 32 F.Supp.3d 253, 260 (N.D.N.Y. 2012)). Here, Plaintiff made, and the Magistrate Judge properly considered, the instant objection regarding Plaintiff's injuries. Accordingly, the objection is overruled.

**D.     Liberal Construction of the Complaint does not Reveal State Law Claims.**

Correct Care Solutions objects to the Report's conclusion that "Plaintiff may be asserting (or attempting to assert) state law causes of action (for negligence, and possibly medical malpractice)." ECF No. 90 at 29. A thorough review of Plaintiff's pleadings, holding the same to a less stringent standard than those drafted by lawyers, does not reveal any intent to pursue state law claims in this case.

---

[3] Any objection Plaintiff may have to the factual finding that his injuries were not objectively serious is overruled. The Magistrate Judge relied on Plaintiff's own deposition testimony, which cannot be ignored at this stage simply by virtue of the claims in Plaintiff's unsworn response to summary judgment or his objection. *See* Lamson Dep., ECF No. 74-6 at 80:4 ("It wasn't serious.").

The Court must construe a pro se complaint liberally. *E.g.*, *Hemphill v. Melton*, 551 F.2d 589, 590-91 (4th Cir. 1977). This requirement, however, does not allow a court to "complete[ly] rewrite[e]" a pro se plaintiff's pleading. *See Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). A thorough review of Plaintiff's pleadings leads the Court to conclude that Plaintiff did not assert any state law claims. While the Amended Complaint, ECF No. 36, states that it asserts violations of "state and federal laws" and that "the Court has supplemental jurisdiction over state claims[,]" it can only be reasonably read to assert violations of Plaintiff's constitutional rights under § 1983. Plaintiff states, "this case is brought pursuant to 42 U.S.C. § 1983 because Plaintiff's constitutional rights were violated by individuals acting under color of state laws." Nowhere in the pleadings does Plaintiff identify what state laws he alleges were violated or what state claims over which the Court allegedly has supplemental jurisdiction. Accordingly, the Court concludes that there are no state law claims alleged in this case, sustains Correct Care Solutions' objection, and modifies the Report as set forth herein.

## IV.    Conclusion

After a thorough review of the Report, the parties' objections, and the record in this case in accordance with the applicable standard, the Court modifies the Report as set forth herein, adopts the Report, and GRANTS Defendants' Motions for Summary Judgment. ECF Nos. 73, 74. Plaintiff's claims are hereby DISMISSED with prejudice.

        IT IS SO ORDERED.

        /s/ Sherri A. Lydon
        United States District Judge

April 29, 2020
Florence, South Carolina